## SELLERS v. HANCOCK.

1. VERBAL PLEDGES—SALES.—A cow left in pledge for the payment of a debt, with parol authority to sell it if not redeemed in two weeks, may be sold without advertisement by the pledgee in possession, after the expiration of the time limited, and the buyer will get good title. The statute of 1882 (18 Stat., 124), regulating the sale of property pledged, does not apply to personal property verbally pawned. A charge to the contrary was error of law.

2. IBID.—IBID.—EXCEPTIONS.—A written request to the trial justice to charge his jury, "If the cow was delivered to B simply as a pledge, and not sold to B, then B, when C failed to pay at the stipulated time, had a right to sell the cow," was a proper request, and should have been charged; and all other requests having been charged, and this request reported by the trial justice as having been refused, an exception on appeal to the Circuit Court alleging error "in not charging the requests made by the plaintiff," was not so general that its consideration by the Circuit Judge should be held by this court on appeal to have been error.

Before GARY, J., Chesterfield, February, 1893.

This case was tried before Honorable Ernest Gary, judge-elect of the Fifth Circuit, holding the courts of the Fourth Circuit by special appointment, in the place of Judge Kershaw, who was too ill to attend. It was an action in claim and delivery for a cow, commenced November 7, 1892, in the court of a trial justice. Julius A. Sellers, the plaintiff, claimed under a sale to him in October, 1892, by E. B. Brown, who had the cow in possession; and Brown got it under a verbal pledge from Wiley Covington on March 5, 1892. The defendant, James C. Hancock, claimed the cow as agent for Samuel J. Sellers, having seized it under a bill of sale duly executed by Wiley Covington to S. J. Sellers on March 19, 1892.

*Messrs. Prince & Stevenson,* for appellant.

*Mr. E. J. Kennedy,* contra.

July 26, 1894. The opinion of the court was delivered by

MR. JUSTICE POPE. The appeal comes to us in this manner: The plaintiff began his action in a trial justice's court

for Chesterfield County for the recovery, under claim and delivery, of a cow, which he claimed the defendant wrongfully wrested from his possession. At the trial the plaintiff requested the trial justice to charge the jury: "9th. If the cow was delivered to Brown" (through whom plaintiff claimed) "simply as a pledge, and not sold to Brown, then Brown, when Covington failed to pay at the stipulated time, had a right to sell the cow." The trial justice refused to make this charge, because, as he declared, it was in violation of the statute of this State, as found at page 124 of 18th vol. Statutes at Large, amending the law as to the proceedings attending sales of personal property under pledge or pawn or mortgage under *written* instruments. The jury found a verdict for plaintiff. On appeal to the Circuit Court, Judge Gary held that this charge was misleading, being influenced, no doubt, in view of the fact that the pledge here was not under a written instrument, and ordered a new trial.

The plaintiff appeals to this court on six grounds: 1. Because the court erred in holding that the charge of the trial justice as to plaintiff's ninth request was misleading. 2. Because the court erred in ordering a new trial when he did not find any error in the proceedings below. 3. Because the court erred in considering the exception raising the question of the legality of the charge as to plaintiff's request, the exception being too general. 4. Because the court erred in holding that the trial justice improperly refused to charge the plaintiff's ninth request to charge. 5. Because the court erred in holding that the trial justice instructed the jury improperly that a pledgee must follow the statute regulating the sale of pledged property, in order to legally sell a pledge. 6. Because the court could only grant new trials for error of law or fact, but in this case it is granted merely on the ground that part of a charge was misleading, there being no error of law or fact announced, and no motion of counsel to set aside the verdict on that ground, and no exception raising that question.

(a) Was it misleading for the trial justice to refuse a request, and announce that the reason he did so was because the law, quoting it, made such a sale illegal? It seems to us that

a graver error, and one more prejudicial to the vindication of the plaintiff's rights at the hands of the jury, could scarcely have been committed by the trial justice. Here Sellers, the plaintiff, was resting his right to recover property for which he had paid full value almost entirely upon the verbal pledge of one Wiley Covington, its owner at that time, of the very property in dispute, to Edmond Brown, with a positive agreement "by word of mouth" that the property pledged should be Brown's, if he, Wiley Covington, did not pay a certain sum in two weeks, leaving the cow in Brown's possession; and when Brown traded the cow for full value to the plaintiff, Sellers, and delivered him possession of the property, it must appear to every one that his, Sellers', right of property did not rest upon any written instrument. But the trial justice directed the jury that the law as to the sale of property in pledge by the pledgee, when such pledge is under a written instrument, must govern. This was error, and the Circuit Judge did right in so holding. (b) The next (2d) exception overlooks the fact that the Circuit Judge did find an error of law in the refusal of the charge by the trial justice, and one very serious in its consequences to plaintiff's rights. The Circuit Judge ordered a new trial because of this error. (c) We do not think the exception to the trial justice's refusal to charge the ninth request was too general. The plaintiff had embodied his requests to charge in writing that were set out in the trial justice's report of the case. The trial justice had charged all to be correct in law except the ninth. Such being the case when the plaintiff in the court below in his 10th exception stated: "10. Because the trial justice erred in not charging the requests made by the plaintiff," he enabled the Circuit Judge to lay his finger directly upon the alleged error. Hence it cannot be said the exception was too general. (d) We think the trial justice should have charged the jury as in the 9th request of the plaintiff it was asked of him. This being a pledge, not under a written instrument, it would have been proper for the trial justice to have charged: "If the cow was delivered to Brown simply as a pledge, and not sold to Brown, then Brown, when Covington failed to pay

at the stipulated time, had a right to sell the cow." (e) We think the 4th and 5th grounds of appeal are already disposed of in our previous declarations of the law. (f) We think the sixth ground of appeal is disposed of by what we have held under the division (b).

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.